# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:11cv143

| | |
|---|---|
| LARRY TUNGATE,            )<br>                          )<br>    Plaintiff,          )<br>                          )<br>v.                        )<br>                          )<br>DENISE OWENS JOHNSON, and )<br>LEWIS ECKARD d/b/a DROWNING )<br>CREEK FARMS,              )<br>                          )<br>    Defendants.         )<br>_____ ) | **ORDER** |

Pending before the Court is Defendants' Motion to Dismiss [# 12]. This action arises out of an automobile accident involving Plaintiff and a vehicle driven by Defendant Denise Johnson. Plaintiff, who is represented by counsel, asserts claims for negligence and punitive damages. Defendants move to dismiss the punitive damages claim pursuant to Rule 12(b)(6). Plaintiff did not respond to the motion. The Court **GRANTS** the motion [# 12].

### I.    Background

Defendant Lewis Eckard d/b/a Drowning Creek Farms ("Eckard") is a resident of North Carolina and the employer of Defendant Johnson. (Pl.'s Compl. ¶ 4.) Defendant Johnson is also a resident of North Carolina. (Id.) Plaintiff is a resident of Kentucky. (Id. ¶ 3.)

On July 27, 2008, Defendant Johnson was driving a vehicle owned by Defendant Eckard. (Id. ¶ 5.) While operating this vehicle in the course of her employment, Defendant Johnson struck Plaintiff, who was standing outside of his vehicle on private property. (Id.) Plaintiff sustained severe and permanent injuries as a result of this accident. (Id. ¶ 6.)

Plaintiff contends that this accident was the result of the failure of Defendant Eckard to exercise reasonable care in the hiring and training of his employees to operate vehicles. (Id. ¶ 8.) In addition, Plaintiff contends that Defendant Johnson failed to exercise reasonable and ordinary care in operating the vehicle. (Id. ¶ 9.) Finally, Plaintiff contends that Defendants' actions "were so grossly negligent as to entitle [Plaintiff] to punitive damages . . . ." (Id. ¶ 12.)

**II.     Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further

factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must

move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

   **III.   Analysis**

Punitive damages are available under North Carolina law in order to punish a defendant for egregious acts and to deter both the defendant and others from committing similar acts in the future. N.C.G.S. § 1D-1; Harrell v. Bowen, 655 S.E.2d 350, 352 (N.C. 2008). A plaintiff, however, may only recover punitive damages where he or she proves that the defendant is liable for compensatory damages, and one of three aggravating factors is present and relates to the injury. N.C.G.S. § 1D-15(a). These factors include fraud, malice, and willful or wanton conduct. Id.; Strawbridge v. Sugar Mountain Resort, Inc., 320 F. Supp. 2d 425, 435-6 (W.D.N.C. 2004) (Thornburg, J.). In addition, punitive damages are not available on the basis of vicarious liability. N.C.G.S. § 1D-15(c).

> Punitive damages shall not be awarded against a person solely on the basis of vicarious liability for the acts or omissions of another. Punitive damages may be awarded against a person only if that person participated in the conduct constituting the aggravating factor giving rise to the punitive damages, or if, in the case of a corporation, the officers, directors, or managers of the corporation participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

Id.

The Complaint contains no allegations that Defendants acted with fraud or malice, or that either engaged in willful or wanton conduct. Instead, Plaintiff

alleges only that Defendants were "grossly negligent." As the North Carolina Court of Appeals has explained, however, willful or wanton conduct means more than gross negligence. George v. Greyhound Lines, Inc., 708 S.E.2d 201, 205 (N.C. Ct. App. 2011). Because the Complaint is devoid of any factual allegations supporting a claim that Defendants acted with fraud or malice or engaged in willful or wanton conduct, Plaintiff's punitive damages claim is subject to dismissal. See Estrada v. Consol. Util. Servs., Inc., No. 5:10cv161, 2011 WL 2174467 (W.D.N.C. Jun. 2, 2001) (Voorhees, J.) (dismissing punitive damages claim for failure to state a claim). Accordingly, the Court **GRANTS** the Motion to Dismiss [# 12].

### IV. Conclusion

The Court **GRANTS** the Motion to Dismiss [# 12] and **DISMISSES** the punitive damages claim Plaintiff asserts in Count Two of the Complaint.

Signed: November 2, 2011

Dennis L. Howell
United States Magistrate Judge